UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREGORY L. VAN CLEAVE,           ) | |
| ) | |
| Petitioner,           ) | |
| ) | |
| v.           ) | Case No.:  3:07-CV-78 JVB |
| ) | |
| WALTER E. MARTIN,           ) | |
| ) | |
| Respondent.           ) | |

**OPINION AND ORDER**

Petitioner Gregory Van Cleave submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a demotion in a credit time earning classification in a prison disciplinary hearing at the Miami Correctional Facility.  On December 12, 2006, Correctional Officer M. Kehler charged Van Cleave with resisting. According to the conduct report, Sergeant Meny ordered Van Cleave to return to his cell, Van Cleave refused to comply, and then he physically resisted Sgt. Meny and Officer Kehler's efforts to enforce the order.

On December 19, 2006, a disciplinary hearing board ("DHB") found Van Cleave guilty, sentenced him to six months in disciplinary segregation, and took ninety days of earned credit time away from him. Van Cleave appealed unsuccessfully to the superintendent and the final reviewing authority.

Where prisoners lose good time credits or are demoted in credit time earning classification at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections which include (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present exculpatory evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the

disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent*, *Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Van Cleave asserts that he was denied a fair and impartial decision maker. In support of this claim, he assets that Officer Stahl was present when the screening officer screened him and Officer Stahl questioned him about the incident and advised him to ask for a videotape as evidence. Officer Stahl also served on the DHB. Screening in the disciplinary process serves the same function as arraignment in a criminal prosecution. The screening officer reads the accused his rights, takes his plea, and sets a hearing date. Van Cleave asserts that "as [Stahl] participated in the screening process, he should not have sat on the C.A.B. in judgment of me. As such I was denied a fair and impartial hearing." (Petition at 4).

Due process requires that decision makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). *Wolff*, however, does not guarantee that a prisoner will have hearing officers with no prior knowledge of the incident. What *Wolff* does guarantee is that the author of the conduct report or someone involved in investigating the incident does not serve on the hearing board. *Wolff* prevents "officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body." *Redding*, 717 F.2d at 1113. Nothing Van Cleave has submitted supports an inference that the members of his DHB were not impartial within the meaning of *Wolff*. Even if Officer Stahl had been the screening officer it would not have precluded him from being a hearing officer. In criminal

2

proceedings, the same judge may conduct the arraignment and preside over the trial, and the Due Process Clause does not preclude a screening officer from also sitting on the DHB.

Van Cleave next asserts that the DHB relied on a false witness statement from Officer Miller to find him guilty. He also asserts that the videotape of the incident does not support a finding of guilt. Officer Miller was a witness to the incident, and wrote a report stating that Van Cleave physically resisted Sgt. Meny and Officer Kehler's efforts to enforce Sgt. Meny's order to Van Cleave. The Miami Correctional Facility has security video cameras strategically placed around the facility. At Officer Stahl's suggestion, Van Cleave asked the DHB to review the videotape of this incident. On the Report of Disciplinary Hearing, the DHB wrote that it found Van Cleave "guilty based on C/R (conduct report), witness statements + video." [DE 14-6].

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 455-56. The Constitutional standard of "some evidence" is met if

> there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.*

Sgt. Meny and Officers Kehler and Miller submitted statements that Van Cleave refused an order to return to his cell and lock down and that he physically resisted Sgt. Meny and Officer

3

Kehler's efforts to enforce that order. The DHB might have credited Van Cleave's version of events and found him not guilty. But instead, the DHB chose not to believe Van Cleave's statement. Instead, it accepted the version of events contained in the three correctional officers' statements, which they concluded were supported by surveillance videotape. Federal courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or reweigh the evidence. *Hill*, 472 U.S. at 455-56.

For the foregoing reasons, the court **DENIES** this petition.

SO ORDERED on June 4, 2008.

                                          s/ Joseph S. Van Bokkelen
                                          JOSEPH S. VAN BOKKELEN
                                          UNITED STATES DISTRICT JUDGE
                                          HAMMOND DIVISION